UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADOLA M. DEWOLF and LAURA A. WATTS,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION,<br><br>COUNTRYWIDE HOME LOANS, INC.<br>d/b/a AMERICA'S WHOLESALE LENDER,<br><br>COUNTRYWIDE HOME LOANS, INC. LP, and<br><br>COUNTRYWIDE HOME LOANS SERVICING LP,<br><br>Defendants. | ) **SCHEDULING ORDER**<br>)<br>)<br>)<br>)<br>)<br>) No. 4072 Civ. 2007 (SAS)<br>) Conference Date: July 31, 2007<br>)<br>)<br>)<br>)<br>)<br>) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/07

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on June 15, 2007, and rescheduled the conference date by Order dated July 5, 2007 (collectively, the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)   Conference Date: The conference date shall be July 31, 2007 at 4:30pm;

(2)   Statement of Issues: Plaintiffs' sole home and residence was subject to a residential mortgage loan evidenced by a note (the "Note") secured by a mortgage (the "Mortgage"). Plaintiffs allege that Defendants, in their capacity as service of the Mortgage, unlawfully discriminated against Plaintiffs on the basis of their marital status by accelerating the Mortgage for a transfer thereof that would not have resulted in acceleration if the Plaintiffs were married. Furthermore, Plaintiffs allege that Defendants repeatedly misrepresented the terms of the Mortgage and Note and acted with disregard to Plaintiffs'

rights in violation of the express terms of the Mortgage and Note. On the basis of the acts described herein, Plaintiffs allege claims for Defendants' violation of federal lending laws, deceptive practices, breach of contract and negligent misrepresentation.

It is Defendants' contention that they did not discriminate against plaintiffs and acted at all times in compliance with applicable federal and state laws, applicable regulations, and the express terms and conditions of the Note and Mortgage.

(3) Schedule

    a. Persons to be Deposed
       Pursuant to Fed. R. Civ. P. 30(b)(6), Defendants will designate one or more officers, directors or managing agents, or other persons to testify on its behalf (the "30(b)(6) Witness"). To the extent possible, the 30(b)(6) Witness will be the first deponent on behalf of Defendants, and through this deposition and other applicable ongoing discovery, the parties may identify further deponents, employed by Defendants or otherwise. Similarly, pursuant to Fed. R. Civ. P. 30(b)(1), Plaintiffs shall submit to depositions, followed by any further deponent who may be subsequently identified.

       The following deponents have been identified as of the date hereof:

         i. Adola M. Dewolf, Plaintiff

         ii. Laura A. Watts, Plaintiff

         iii. Jeremy Kahm, Employee of Defendant

         iv. Christina Vicente, Employee of Defendant

         v. Mary Frances Archer, Employee of Defendant

[handwritten: Initial Disclosures Rule 26 8/20]

    b. Document Production: The parties shall exchange Rule 34 Requests for Production on or before November 16, 2007 [handwritten: Oct] and shall exchange written responses thereto by December 17, 2007. [handwritten: Nov 17]

    c. Expert Reports and Depositions: The parties shall make required Rule 26(a)(2) disclosures with respect to:

         i. expert witnesses on or before January 7, 2008.

         ii. rebuttal expert witnesses on or before March 3, 2008.

    d. Pre-Trial Order Matters: Plaintiff will supply pre-trial order matters to Defendants on or before April 18, 2008.

    e. Discovery Schedule: All discovery, including any depositions of experts or other witnesses, shall be completed on or before April 1, 2008.

    f. <u>Pre-Trial Order</u>: A joint pretrial order in the form prescribed in Judge Scheindlin's individual rules shall be filed on or before May 16, 2008. Proposed voir dire questions and jury instructions shall be filed with the joint pretrial order.

    g. <u>Final Pre-Trial Conference Date</u>: The date of the final pre-trial conference, pursuant to Fed. R. Civ. P. 16(d), shall be

_Feb 25 at 4:30_, 2008.

(4) <u>Confidentiality Order:</u> The parties shall submit a joint proposed Confidentiality Order to the Court on or before December 7, 2007.

(5) <u>Anticipated Fields of Expert Testimony</u>: The parties anticipate expert testimony regarding the calculation of damages.

(6) <u>Anticipated Length of Trial</u>: The trial is anticipated to last three (3) days. Plaintiffs have requested a jury trial.

(7) <u>Amendments to Scheduling Order</u>: This scheduling order may be altered or amended only on a showing of good cause not foreseeable at the date of the conference or when justice so requires.

(8) <u>Contact Information of Counsel</u>

James L. Garrity Jr. (JG 8389)  
Kenneth S. Prince (KP 6719)  
David M. Sollors (DS 7328)  
Shearman & Sterling LLP  
599 Lexington Avenue  
New York, NY 10022  
(212) 848-4000 (phone)  
(646) 848-4000 (fax)

David S. Buckel (DB 2346)  
Lambda Legal Defense and Education Fund, Inc.  
120 Wall Street, Suite 1500  
New York, NY 10005  
(212) 809-8585 (phone)  
(212) 809-0055 (fax)

*Counsel for Plaintiffs*

David B. Chenkin  
Zeichner Ellman & Krause LLP  
575 Lexington Avenue  
New York, New York 10022  
Telephone: (212) 223-0400  
Fax: (212) 753-0396

*Counsel for Defendants*

SO ORDERED:

DATED: July 31, 2007

_____
Hon. Shira Ann Scheindlin, U.S.D.J.